IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cv60; 3:06cv121; 3:06cv122; 3:06cv123; 3:06cv124

| | |
|---|---|
| AMANDA U. AJULUCHUKU,<br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA<br>    Defendant.<br><br>AMANDA U. AJULUCHUKU,<br>    Plaintiff,<br><br>vs.<br><br>BALTIMORE COUNTY POLICE,<br>    Defendant.<br><br>AMANDA U. AJULUCHUKU,<br>    Plaintiff,<br><br>vs.<br><br>SOUTHERN NEW ENGLAND SCHOOL<br>OF LAW et al.,<br>    Defendants.<br><br>AMANDA U. AJULUCHUKU,<br>    Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE & CO.,<br>    Defendant.<br><br>AMANDA U. AJULUCHUKU,<br>    Plaintiff,<br><br>vs. | **MEMORANDUM AND ORDER** |

| | |
|---|---|
| WELLS FARGO & CO., | ) |
| Defendant. | ) |
| | ) |
| | ) |

In these proposed civil actions for monetary relief, plaintiff Amada U. Ajuluchuku seeks forty-five trillion dollars in compensatory and punitive damages collectively from the above-captioned defendants for alleged violations of the American's with Disabilities Act and the Civil Rights Act. The instant complaints are among the nearly two-hundred disbursed by Ms. Ajuluchuku throughout the district courts. These matters presently are before the Court sua sponte to dismiss the above-captioned cases and impose restrictions on future filings in this Court.

LITIGATION HISTORY

Ms. Ajuluchuku is a peripatetic litigant. An examination of the dockets of the federal district courts reveals nearly two-hundred civil complaints filed in twenty-three different districts during the past three years. She has sought *in forma pauperis* status in nearly every instance and most of her actions have been closed within thirty to forty-five days. She is a recidivist filer, suing some accused defendants multiple times, often alleging the same claims. At this juncture, five separate district courts have imposed some form of pre-filing restrictions against Ms. Ajuluchuku.[1] We now make it six.

Her claims typically invoke the American's with Disabilities Act and the Civil Rights

---

[1] See In Re Ajuluchuku, No. 05-5018 (W.D. Wash. July 28, 2005); Ajuluchuku v. Marriott, No. 05-395 (D. Md. Feb. 15, 2005); Ajuluchuku v. University of Massachusetts, No. 04-124723 (D. Mass. Apr. 29, 2005); Ajuluchuku v. Southern New England School of Law, et al, No. 05-251 (N.D.G.A. Nov. 14, 2005); Ajuluchuku v. Baltimore County Police, No. 05-74811 (E.D. Mich. Jan. 4, 2006).

1

Act and request billions – if not trillions – of dollars in damages "as a matter of law." For example, Ms. Ajuluchuku's present complaints each allege that the defendants' intentional maltreatment (because of her disability) caused her various injuries, and request nine trillion dollars in compensatory and punitive damages under Title III, 42 U.S.C. § 12182 et seq. and Title V, 42 U.S.C. § 12203(a) of the Americans with Disabilities Act; and Title II of the Civil Rights Act of 1946, 42 U.S.C. §2000a(a). She contends that her lawsuits should be classified as "personal injury" cases, which raise a federal question based on the fact that she is disabled. Ms. Ajuluchuku alleges that employees of the defendant-banks forestalled various transactions, and yelled at and mistreated her, despite being informed of her disability. These are among the nearly twenty iterative complaints filed against these same and other financial institutions.[2] Ms. Ajuluchuku also accuses the County of Baltimore Police Department of "preying upon her disability" when they "kidnapped" her son (meaning placed him with social services). She has reiterated these claims in at least five other districts.[3] Ms. Ajuluchuku's claims regarding her short-lived matriculation at the Southern New England School of Law in the summer of 2003, during which the defendants also "preyed upon her disabilities" in various ways, likewise have been (or currently are being) litigated in other courts. See Ajuluchuku v. Southern New England School of Law et al, No. 05-10893 (D. Mass. filed Apr. 25, 2005).

Ms. Ajuluchuku has filed similarly frivolous discrimination claims outside of this district, nearly all of which have been dismissed summarily. She frequently has sought to sue her employers and the employment agencies responsible for placing (or failing to place) her.

---

[2] Among them are two complaints previously filed in this Court. Ajukuchuku v. Bank of America Corp., No. 05-51 (W.D.N.C. Aug. 23, 2005); Ajuluchuku v. Wachovia Corp., No. 05-532 (W.D.N.C. Mar. 12, 2006).

[3] See No. 1520 (D. Mass. Jan. 14, 2005); No. 04-01560 (W.D. Wash. Aug. 11, 2004) No. 04-3630 (D. Md. November 17, 2004); No. 04-221 (D.Nev. Mar. 8, 2005); No. 05-275 (N.D. Ga. Nov. 11, 2005); 05-74811 Jan. 4, 2006).    2

See, e.g., Auluchuku v. Kelly Services et al, No. 04-2311(W.D. Wash. filed Nov. 15, 2004) (employment agency and university sued after Ms. Ajuluchuku tripped after climbing "too many stairs" on university grounds during interview with prospective employer). And she has sued various businesses for such discriminatory behavior as having slow service or requiring her to pay full-price. See, e.g., Ajuluchuku v. Domino's Pizza, No. 05-100 (W.D. Mich. Jan. 19, 2006) (Domino's Pizza sued for taking over 45 minutes to delivery a pizza, despite the fact Ms. Ajuluchuku was "starving"); Ajuluchuku v. Air Alaksa Groups et al, No. 05-474 (D. Nev. Aug. 24, 2005) (airline sued for refusing to sell Ms. Ajuluchuku a $200 plane ticket for $39 after she had spent all of her money). Some of her other lawsuits derive from perceived discriminatory slights. See, e.g., Ajuluchuku v. Worksource Renton, No. 04-2048 (W.D. Wash. filed Nov. 29, 2004) (employment agency sued because employee was unable to pronounce Ms. Ajuluchuku's name, and when the employer called, the number displayed on Ms. Ajuluchuku's caller ID was "private"); Ajuluchuku v. Yum! Brand, Inc., Ltd., No. 05-826 (W.D. Ky. filed Dec. 27, 2005) (Kentucky Fried Chicken sued when it failed to serve chicken breasts and rice). She even has sought to sue the lawyers who represented her, and the lawyers who represented her adversaries. See Ajuluchuku v. Law Offuces of Kurt Bennett, No. 03-2116 (W.D. Wash. filed Nov. 30, 2004) (attorney for a defendant sued for "libel resulting in discrimination" when he called Ms. Ajuluchuku a "con-artist" during pre-trial conference). Ms. Ajuluchuku has sued some of these defendants and others multiple times, and frequently has attempted to circumvent the restraining orders and/or orders of dismissal of one court by filing duplicate lawsuits in other districts. Compare Ajuluchuku v. Wendys International Inc., No. 05-252 (N.D.G.A. Oct. 13, 2005) (order for temporary injunction against proceeding *in forma pauperis*) and Ajuluchuku v. Wendys International Inc., 05-942 (S.D. Ohio filed Oct. 14, 2005) (identical claim filed the next day).

OPINION

While Ms. Ajuluchuku is a serial litigant, the Court nevertheless shall consider the instant actions on their own merits. In addressing any pro se litigant's complaint, the Court must read the allegations of the complaint generously, taking as true the facts alleged. See Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the latitude afforded pro se litigants does not prevent dismissal if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Based on the record before it, the Court finds Ms. Ajuluchuku's complaints are irrevocably defective and shall be dismissed.

First, the Court notes that none of the events or circumstances set forth in Ms. Ajuluchuk's complaints occurred within the Western District of North Carolina or any place within one-hundred miles of this district. Ms. Ajuluchuku has attempted to sue the Baltimore County Police for events occurring in Maryland; the Southern New England School of Law and Ken Josiah for events occurring in Massachusetts; Bank of America and Wells Fargo for forestalled transactions that took place in Washington; and JP Morgan for similar events transactions that happened in Detroit. Except for Bank of America, which is headquartered in Charlotte, North Carolina, there appears to be no basis for this Court to exercise personal jurisdiction over the defendants. See Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 221-213 (4th Cir. 2002) (discussing the personal jurisdiction inquiry); cf. Wachovia Bank v. Schmidt, --- U.S. ----, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006) (a national banking association is a not a citizen of every state in which it has a branch, but only where its designated main office is located). The sole asserted basis for jurisdiction is that the

4

individual defendants can afford to litigate in Charlotte, a "neutral jurisdiction." The Court has found no authority that establishes personal jurisdiction over a defendant on these grounds. It appears Ms. Ajuluchuku's actual grounds for jurisdiction are that she is enjoined from filing pro se and/or *in forma pauperis* in any court that would have jurisdiction. Furthermore, were these actions brought under the diversity statute, the Court is dubious whether, judged from the face of the complaint, Ms. Ajuluchuku could meet both the amount-in-controversy requirement (her claims for trillions of dollars in damages notwithstanding) and the diversity requirement against any of the plaintiffs.

Second, as Ms. Ajuluchuku is requesting leave to proceed *in forma pauperis* in her complaints against the various financial institutions, the Court may sua sponte dismiss those actions if the complaints lack an arguable basis either in fact or law or are "frivolous or malicious."[4] 28 U.S.C. § 1915(e)(2).

As Ms. Ajuluchuku repeatedly has been made aware, neither compensatory or punitive relief are available to private individuals under either Title III or Title V of the ADA, or Title II of the Civil Rights Act of 1964. 42 U.S.C. §§ 12188, 12203, 2000a-3(a). Nor does Ms. Ajuluchuku have standing to seek injunctive relief as she does not allege that there is "a real and immediate threat" future injury at the hands of any defendant. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). And, since banks, much like retail stores or food markets, are not open to the general public in the same way as are other establishments covered by Title II of the Civil Rights Act, they are not places of public

---

[4] The Court further notes that one of Ms. Ajuluchuku's instant application to proceed *in forma pauperis* already has been denied as being incomplete. See Ajuluchuku v. Bank of America, No. 06-60 (W.D.N.C. Feb. 16, 2006) (order denying request to proceed IFP). Furthermore, the Court is concerned that while in her affidavits Ms. Ajuluchuku reports that she has not received any income from any source other than her employment, she makes reference to monetary settlements and other sources of income in other documents filed with this Court and others.

5

accommodation within the meaning of Title II. See Ajuluchuku v. Wachovia Corp., 05-532 (W.D.N.C. Feb. 17, 2006) (order from this Court explaining all of this to Ms. Ajuluchuku).

Finally, Ms. Ajuluchuku's complaints against both the Baltimore County Police, and the Southern New England School of Law and Ken Josiah, advance the same claims against the same parties, those complaints having been dismissed previously by other federal district courts.[5] The the doctrine of res judicata thus bars a subsequent attempt to re-litigate the same claims that were, or could have been, resolved in the prior proceedings. See generally Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000) (explaining the res judicata inquiry).

Therefore, the Court finds dismissal is appropriate in each of the above-captioned cases. Accordingly, Ms. Ajuluchuku's remaining motions to proceed *in forma pauperis* shall be denied as moot.

## INJUNCTION

Given Ms. Ajuluchuku's prolific and migrating litigation; the spuriousness of her complaints; her attempts to circumvent (if not violate) the orders of dismissal and the pre-filing restrictions of other courts, by filing duplicate actions in this Court and elsewhere; and the defects in her *in forma pauperis* applications, the Court finds that Ms. Ajuluchuku's litigation is abusive and vexatious, and a pre-filing injunction is necessary to protect the efficient administration of justice. See Safir v. United States Lines, Inc., 792 F.2d 19, 23-24 (2d Cir. 1986). In reaching this conclusion, the Court is aware of an individual's right of access to the courts. That right, however, is not unfettered. Courts have a responsibility to prevent vexatious litigants from diverting limited judicial resources better spent on the meritorious claims of others. "[W]hen one litigant [files hundreds of claims], the claims of other litigants necessarily

---

[5]Ms. Ajuluchuku's action against Ken Josiah is still pending in the District of Massachusetts. See Ajuluchuku v. Josiah, No. 05-10893 (D. Mass. filed Feb. 25, 2005).

suffer. Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time. . . ." Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc). Further, while it is the diversion of judicial resources from meritorious litigation that is arguably the most harmful consequence of Ms. Ajuluchuku's litigiousness, the named defendants likewise must "spend valuable time and other resources in defense of [Ms. Ajuluchuku's] actions, which clearly should never have been brought." Bonfiglio v. Nugent, 986 F.2d 1391, 1394 (11th Cir. 1993). The Court is cognizant that any pre-filing injunction must be narrowly tailored and cannot foreclose Ms. Ajuluchuku from any access to the court.

Having considered the circumstances surrounding Ms. Ajuluchuku's filings in this district and elsewhere, the Court finds that Ms. Ajuluchuku shall be enjoined from proceeding as a plaintiff without the representation of a licensed attorney admitted to practice in the Court, unless she first obtains permission. To proceed pro se, Ms. Ajuluchuku must first do the following:

    i.     file a petition with the clerk of Court requesting to file a pro se action;

    ii.     include in the petition the following information: an organized list of all of Ms. Ajuluchuku's lawsuits currently pending or previously filed with this District, or any lawsuit against the named defendants filed in any court, including the name and case number of each case and the current status or disposition of the appeal or original proceeding;

    iii.     file with the clerk of this Court a notarized affidavit, in proper legal form, that recites the issues she seeks to present, including a short description of the legal basis asserted, and whether these issued have been raised in any other forum, with citations thereto. In the affidavit, Ms. Ajuluchuku must certify to the best of her knowledge that the legal arguments being raised are not frivolous or in bad faith, that they are warranted by existing law or a good

faith argument for the extension, modification, or reversal of existing law, and that she will comply with the local rules of this court.

    iv.    Once submitted to the clerk of this court, the Court will submit these documents to a magistrate judge for review to determine whether to permit a pro se original proceeding. Leave of Court shall only be forthcoming if Ms. Ajuluchuku can demonstrate that the proposed filing: 1) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure; 2) is not barred by principles of res judicata, or issue or claim preclusion; 3) is not repetitive or violative of any court's order; and 4) is in compliace with Rule 11 of the Federal Rules of Civil Procedure.

    v.    Ms. Ajuluchuku has ten (10) days to file <u>specific</u> written objections to these proposed restrictions. If she does not file timely objections, describing with particularity the specific findings being challenged, the filing restrictions shall take affect fourteen (14) days from the date of this order. The filing restrictions will apply to any matter filed after that time. If Ms. Ajuluchuku timely files specific objections, these restrictions shall not take effect until the Court has ruled on those objections.

    **THEREFORE, IT IS HEREBY ORDERED** that:

1. the above-captioned cases are **DISMISSED**;

2. accordingly, Ms. Ajuluchuku's motions to proceed *in forma pauperis* are **DENIED AS MOOT**.

3. **FURTHERMORE,** Ms. Ajuluchuku **IS ENJOINED** from proceeding as a plaintiff without the representation of a licensed attorney admitted to practice in the court, unless she complies with the aforementioned criteria.

Signed: May 22, 2006

Robert J. Conrad, Jr.
United States District Judge

Signed: May 22, 2006

9