UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-cv-60; 3:06-cv-122; 3:06-cv-228; 3:06-cv-229; 3:06-cv-230

| | |
|---|---|
| AMANDA U. AJULUCHUKU, )<br>    Plaintiff, )<br>v. )<br> )<br>BANK OF AMERICA CORPORATION. )<br>    Defendant. )<br> )<br>AMANDA U. AJULUCHUKU, )<br>    Plaintiff, )<br>v. )<br> )<br>SOUTHERN NEW ENGLAND SCHOOL )<br>OF LAW (SNESL), et al., )<br>    Defendants. )<br> )<br>AMANDA U. AJULUCHUKU, )<br>    Plaintiff, )<br>v. )<br> )<br>STUDIO PLUS HOTELS, INC., )<br>    Defendant. )<br> )<br> )<br>AMANDA U. AJULUCHUKU, )<br>    Plaintiff, )<br>v. )<br> )<br>MCDONALD'S CORP., )<br>    Defendant. )<br> )<br> )<br>AMANDA U. AJULUCHUKU, )<br>    Plaintiff, )<br>v. )<br> )<br>U.S. BANCORP, )<br>    Defendant. )<br> ) | MEMORANDUM AND ORDER . |

1

On May 5, 2006, this Court issued an order sua sponte dismissing all six of Ms. Ajuluchuku's pending complaints, and imposed restrictions on future filings by her in this Court.[1] Specifically, the Court found that each of her cases – in which she sought trillions of dollars in compensatory and punitive damages under, *inter alia*, Title III and Title V of the Americans with Disabilities Act, 42 U.S.C. §§ 12182 et seq., and 42 U.S.C. § 12203(a); and Title II of the Civil Rights Act of 1946, 42 U.S.C. §2000a(a) – were, for various reasons, utterly frivolous.[2] On the same day, but before the Court's order was docketed, Ms. Ajuluchuku filed three more cases (against Studio Plus Hotels, McDonald's and U.S. Bancorp), seeking to proceed *in forma pauperis* in each case. After learning of the Court's order of dismissal in her other cases, Ms. Ajuluchuku moved to transfer venue to the Northern District of Texas in these three cases, and in her previously-dismissed actions against Bank of America and the Southern New England School of Law (Case Nos. 3:06cv60 and 3:06cv122, respectively).

For the following reasons, her pending cases will be dismissed pursuant to 28 U.S.C. § 1915(e)(2), and her motions to transfer venue denied.

---

[1] See Ajuluchuku v. Bank of American Corp., No. 06-60, 2006 U.S. Dist. LEXIS 32698 (W.D.N.C. May 22, 2006). These cases were among the over two-hundred filed by Ms. Ajuluchuku in various district courts across the country, nearly all of which also were dismissed summarily. Her peregrinations through the federal courts have been detailed extensively. See, e.g., In Re Ajuluchuku, No. 05-5018, 2005 U.S. Dist. LEXIS 42338 (W.D. Wash. July 28, 2005); Ajuluchuku v. Marriott, No. 05-395, 2005 U.S. Dist. LEXIS 42685 (D. Md. Feb. 15, 2005); Ajuluchuku v. University of Massachusetts, No. 04-124723, 2005 U.S. Dist. LEXIS 42056 (D. Mass. Apr. 29, 2005); Ajuluchuku v. Southern New England School of Law, et al., No. 05-251, 2005 U.S. Dist. LEXIS 42058 (N.D.G.A. Nov. 14, 2005); Ajuluchuku v. Baltimore County Police, No. 05-74811, 2006 U.S. Dist. LEXIS 39225 (E.D. Mich. Jan. 4, 2006).

[2] For example, Ms. Ajuluchuku's Complaint filed in this Court against the Baltimore County Police, Ajuluchuku v. Baltimore County Police, et al., Case No. 3:06-cv-121, was dismissed on the grounds that the same claim had been previously filed in, and summarily dismissed by five other federal district courts.

DISCUSSION

1. <u>Complaints against Studio Plus Hotels and McDonald's</u>

In her Complaint against Studio Plus, Ms. Ajuluchuku alleges that her room at the Studio Plus hotel located at 5830 Westpark Dr., Charlotte, North Carolina, had "bloodstains in more than ten different spots." Although she informed the hotel staff that "she was disabled . . . . [] and can't stand the sight of blood," the hotel waited eight days to clean the stains, and declined to reimburse Ms. Ajuluchuku for the days she was subjected to the blood stains. Ms. Ajuluchuku alleges, *inter alia*, that she had to "flee[] Charlotte" three weeks later, and that she suffers from "recurring nightmares about bloodstains in [her] hotel room" and seizures and other injuries resulted from the defendant's actions.

In her Complaint against McDonald's Corp., Ms. Ajuluchuku alleges that when she went to the McDonald's located at 4400 S. Tryon, Charlotte, North Carolina, "[she] noticed that Defendant was lacking Equal/Splenda." When she asked "to speak to the manager . . . to [see] if the manager had any . . . in the storage or elsewhere," Ms. Ajuluchuku was given a phone number where she "was prompted to leave a message." (She "did not leave a message [since] [i]t was unprofessional."). When she dialed a second number that she had been given, "it rang four times and no one bother[ed] to answer it." When Ms. Ajuluchuku called the police to complain about the ongoing discrimination, the "Defendants ordered [her] out of their restaurant." Ms. Ajuluchuku alleges that seizures and other injuries resulted from this treatment.

Ms. Ajuluchuku subsequently filed Complaints against each defendant pursuant to Title III, 42 U.S.C. § 12182 et seq., and Title V, 42 U.S.C. § 12203(a), of the Americans with Disabilities Act, Title II of the Civil Rights Act of 1946, 42 U.S.C. §2000a(a), the Indian Contract Act,1872, and the

3

Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeking nine-trillion dollars in compensatory and punitive relief in each case. Having interpreted the allegations generously and presuming true the facts alleged, the Court finds that Ms. Ajuluchuku can prove no set of facts that would entitle her to relief on any of her claims, which therefore will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

First, with regard to her claims under 42 U.S.C. § 2000a, Title II of the Civil Rights Act of 1964 provides for injunctive relief only and does not allow for the recovery of monetary damages. Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 401-02 (1968) ("A Title II suit is thus private in form only. When a plaintiff brings an action under that Title II, he cannot recover damages."). Because she asks for monetary damages only, Ms. Ajuluchuku has failed to state a claim for relief under 42 U.S.C. § 2000a.

Second, like Title II of the Civil Rights Act, the only remedy available under 42 U.S.C. § 12182 is injunctive relief. See 42 U.S.C. § 12188(a). Thus, Ms. Ajuluchuku has also failed to state a claim for relief under 42 U.S.C. § 12182. Her retaliation claim under 42 U.S.C. § 12203 likewise fails because money damages also are not available under this provision. See, e.g., Kramer v. Banc of America Sec., LLC, 355 F.3d 961, 965 (7th Cir. 2004).

Third, her failure to cite to a particular section in the Indian Contract Act, 1872 notwithstanding, Ms. Ajuluchuku cannot pursue claims under the Contract Act in this federal court as the Act governs only those claims arising in – or otherwise under the laws of – India.[3]

---

[3] The Court further observes that, as was the case with her discrimination claims. Ms. Ajuluchuku's claims under the Indian Contract Act, 1872 for nine trillion dollars in punitive and compensatory relief would appear to fail, since the Act does not allow for punitive damages for breach of contract, but only those damages reasonably related to the breach of contract. See Indian Contract Act, 1872 No. 9, Acts of Parliament, 1872, Chapter VII, § 73 ("compensation is not to be given for any remote and indirect loss of damage sustained by reason of the breach [of contract]."); Byron v. Rajneesh Foundation Int'l, 634 F. Supp. 489, 491 (D. Or. 1985) (noting that "Section 73 of the Act provides for certain forms of damages, but does not include a provision for punitive damages.").

4

Finally, the Federal Torts Claims Act is a vehicle for claims against the federal government, not against private entities. 28 U.S.C. § 2674 (2006). As none of the defendants are part of the federal government, Ms. Ajuluchuku's claim under the FTCA also fails.

2. Complaint against U.S. Bancorp

In her Complaint against U.S. Bancorp, Ms. Ajuluchuku alleges that on August 1, 2005, "I went inside Defendant's bank at 6520 4th Avenue, Seattle, WA 98101 . . . with my cane and a small bag on a cart because the Defendant de-activated [my] ATM card. . . . Defendant refused to listen to me, and her conduct caused me seizures. . . ."

This claim likewise must fail, as Ms. Ajuluchuku has already advanced these same claims against the same party, those claims having been dismissed previously by another federal district court. See Ajuluchuku v. U.S. Bancorp, No. 05-1687, 2006 U.S. Dist. LEXIS 27959 (D. Minn. May 6, 2006) (dismissing the same case pursuant to 12(b)(6) for failure to state a claim). Thus, the doctrine of res judicata thus bars a subsequent attempt to re-litigate the same claims that were, or could have been, resolved in the prior proceedings. See generally Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000) (explaining the res judicata inquiry).

3. Motions to Transfer Venue

The Court finds that, as each of Ms. Ajuluchuku's cases have been decided on their merits, and it has been adjudged by this Court that she has failed to state a claim upon which relief can be granted, the "interests of justice" do not support transfer of these cases. See 28 U.S.C. § 1404. The Court will therefore deny Ms. Ajuluchuku's Motions to Transfer these cases to Dallas, Texas.

CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Each of the above-captioned cases be **DISMISSED with PREJUDICE**;

2. Plaintiff's Motions to Transfer Venue (Case Nos. 3:06-cv-60 (Doc. No. 12), 3:06-cv-122 (Doc. No. 22), 3:06-cv-228 (Doc. No. 4), 3:06-cv-229 (Doc. No. 4), and 3:06-cv-230 (Doc. No. 3)) be **DENIED;** and

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Case. Nos. 3:06-cv-228 (Doc. No. 2), 3:06-cv-229 (Doc. No. 2), and 3:06-cv-230 (Doc. No. 2) be **DENIED AS MOOT**.

Signed: March 27, 2007

Robert J. Conrad, Jr.
Chief United States District Judge